UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAFACE RECORDS, LLC, a Delaware limited
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
BMG MUSIC, a New York general partnership;
CAPITOL RECORDS, INC., a Delaware
corporation; ELEKTRA ENTERTAINMENT
GROUP, INC., a Delaware corporation;
INTERSCOPE RECORDS, a California general
partnership; MAVERICK RECORDING
COMPANY, a California joint venture;
PRIORITY RECORDS, LLC, a California
limited liability company; SONY BMG
MUSIC ENTERTAINMENT, a Delaware
general partnership; UMG RECORDINGS,
INC., a Delaware corporation; and WARNER
BROS. RECORDS, INC., a Delaware
corporation,
        Plaintiffs,

                              Case No. 2:07-cv-187

-v-
                              HONORABLE PAUL L. MALONEY

DOES 1 - 5,
        Defendants.

## OPINION SUPPORTING ORDER GRANTING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs, various members of the music recording industry, filed a complaint against five unknown individuals for copyright infringement. With the complaint, Plaintiffs filed an application for leave to take immediate discovery under Federal Rules of Civil Procedure 26 and 45. (Dkt. No. 2).

Plaintiffs allege the five unknown Defendants used peer-to-peer (P2P) online file sharing systems to download or distribute Plaintiffs' copyrighted music. Plaintiffs have identified the computer used by each of the five defendants for the infringing activities by eleven digit Internet

Protocol (IP) address. Furthermore, Plaintiffs have provided a list of some of the songs that were improperly downloaded or distributed at each IP address. (Exhibit A to complaint). Plaintiffs allege Defendants have illegally downloaded or distributed hundreds of files each and, in one case, over 1700 files. (Exhibit A to complaint). The IP addresses were distributed by Northern Michigan University (NMU), the third party internet service provider (ISP). Plaintiffs request leave to subpoena information from NMU identifying Defendants.

I. DISCOVERY RULES

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Fed. R. Civ. P. 26(d). Some courts have held that a court, under its broad discretion to manage discovery, may order expedited discovery prior to a Rule 26 hearing upon a showing of good cause. *Quest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *Pod-ners, LLC v. N. Feed & Bean of Lucern LLC*, 204 F.R.D. 675, 676 (D. Colo. 2002). Within the Sixth Circuit, this Court has found no published cases addressing this proposition of law, although there are several unpublished cases. *See e.g. In re Paradise Valley Holdings*, No. 03-34704, 2005 WL 3841866 (Bankr. E.D. Tenn. Dec. 29, 2005) and *Whitfield v Hochsheid*, No. C-1-02-218, 2002 WL 1560267 (S.D. Ohio 2002). This Court notes the pending changes to Rule 26(d) specifically authorize discovery prior to a Rule 26 hearing "by court order." Fed. R. Civ. P. 26(d)(1) (proposed amendment effective Dec. 1, 2007 absent contrary Congressional action). This Court finds the reasoning in *Quest* persuasive and adopts the holding. Plaintiffs have been able to establish good cause in situations involving requests for a preliminary injunction and where the moving party alleges infringement. (citations omitted). *Quest*, 213 F.R.D. at 419.

A number of district courts have found good cause to permit expedited discovery where the

recording industry has IP addresses for individuals who have illegally distributed or downloaded music, but do not have the name of the person whose computer was assigned that address. *See Capitol Records, Inc. v. Doe,* No. 07-cv-1570, 2007 WL 2429830 (S.D. Cal. Aug. 24, 2007) (granting subpoena for information from University of California, San Diego); *Warner Bros., Records Inc. v. Does 1-4,* No. 2:07-cv-424, 2007 WL 1960602 (D. Utah July 5, 2007) (granting subpoena for information from Off Campus Telecommunications); *Warner Bros. Records, Inc. v. Does 1-20*, No. 07-cv-1131, 2007 WL 1655365 (D. Colo. June 5, 2007) (granting subpoena for information from Quest Communications); *Arista Records, LLC v. Does 1-9*, No. 07-cv-628, 2007 WL 1059049 (D. Colo. April 4, 2007). Courts typically find good cause based upon (1) allegations of copyright infringement, (2) the danger that the ISP will not preserve the information sought, (3) the narrow scope of the information sought, and (4) the conclusion that expedited discovery would substantially contribute to moving the case forward. *See e.g. Capital Records, Inc.* 2007 WL 2429830 at *1. Plaintiffs have also provided this Court with copies of fourteen orders issued over the past two years by district courts within the Sixth Circuit permitting expedited discovery under almost identical circumstances. (Exhibit B to memorandum).

Plaintiffs have not acknowledged that courts occasionally deny similar requests. Based on the authority cited above, this Court agrees with Plaintiffs that discovery to allow the identity of "Doe" defendants is "routine." (Plaintiffs' memorandum in support at 5). However, this Court would be remiss if it did not discuss authority counter to Plaintiffs' request. In *Capital Records, Inc. v. Does 1-16*, No. 07-485, 2007 WL 1893603 (D. N.M. May 24, 2007), the court denied an identical request to issue a subpoena for information from the University of New Mexico. The court cited privacy concerns of the individuals whose names were sought and the plaintiff's inability to identify

3

an irreparable harm as damages could easily cure any alleged copyright infringement. *Id.* at *1. Two circuit courts have rejected subpoenas sought by the recording industry under the Digital Millennium Copyright Act (DMCA). *Charter Commc'n Inc., Subpoena Enforcement Matter,* 393 F.3d 771 (8th Cir. 2005). *Recording Indust. Ass'n of America, Inc. v. Verizon Internet Services, Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). In both cases the courts concluded the ISP was only a conduit for file sharing in P2P systems and that conduit ISPs were not one of the types of ISPs for which subpoenas could be issued. *See also In re Subpoena to Univ. of North Carolina at Chapel Hill*, 367 F.Supp. 2d 945 (M.D. N.C. 2005). This Court is also aware that the recording industry has sought subpoenas under the Cable Communication Policy Act (CCPA). *Interscope Records v. Does 1-7*, 494 F.Supp. 2d 388 (E.D. Va. 2007) (denying request for subpoena for information from William and Mary College under CCPA and DMCA); *UMG Recordings, Inc. v. Does 1-4*, No. 06-652, 2006 WL 1343597 (N.D. Cal. March 6, 2006) (finding it unnecessary to decide the request under the CCPA and ordering the ISP to provide its subscribers with a copy of the subpoena before releasing the information, a protection which would be consistent with both the provisions of the CCPA and Rule 45)..

The provisions and guidelines for issuing a subpoena are found under Fed. R. Civ. P. 45. Rule 45 permits persons subject to a subpoena to file a motion to quash or modify the subpoena on various grounds. Fed. R. Civ. P. 45(c)(3)(A). Two courts have upheld subpoenas issued under remarkably similar circumstances. *See Elektra Entm't Group, Inc. v. Does 1-9*, No. 04-cv-2289, 2004 WL 2095581 (S.D. N.Y. Sept. 8, 2004) (upholding subpoena as not overburdening rights under the First Amendment) and *Sony Music Entm't Inc. v. Does 1-40*, 326 F.Supp. 2d 556 (S.D. N.Y. 2004) (finding that P2P file sharing is entitled to some level of First Amendment protection, but that

the balance of interests weighed in favor of the subpoena because (1) plaintiff made a prima facia claim of copyright infringement, (2) the discovery request was sufficiently specific, (3) there was an absence of alternative means of obtaining the information, (4) there was a need for the information in order to pursue the action, and (5) there was only a minimal expectation of privacy under the ISP's terms of service).

II. ANALYSIS

Plaintiffs argue P2P networks allow users to distribute and download millions of music files every month in violation of copyright laws.  Plaintiffs assert good cause for this Court to issue a subpoena because (1) they have alleged a prima facia claim of copyright infringement, (2) ISPs typically retain activity logs for a limited period of time, (3) the discovery request is narrowly tailored, and (4) the information is necessary to move the case forward.  Plaintiffs also request this Court clarify that the subpoena would not interfere with NMU's obligations under the Family Educational Rights and Privacy Act, 20 U.S.C. 1232g (FERPA).  Plaintiffs intend to serve a subpoena on NMU requesting documents that would identify each Defendant's true name, address (current and permanent), telephone number, email address, and Media Access Control (MAC) address.

This Court finds Plaintiffs have established good cause for departing from the usual course of discovery.  Specifically, this Court finds (1) Plaintiffs have alleged copyright infringement, (2) there is a possibility that the ISP might delete or otherwise destroy the activity logs which are necessary to identify the individuals who have been downloading or distributing music files, (3) the discovery request is narrowly tailored, and (4) the identity of the individuals is necessary to move the case forward and without this information, Plaintiffs would not be able to determine the

identities of Defendants.

This Court declines to find that the subpoena is consistent with Northern Michigan University's obligations under FERPA. The issue has not been briefed, it is unnecessary for this order, and NMU should be afforded an opportunity to speak on the issue if it elects to do so.

This Court also finds merit in the District Court of New Mexico's concern for the privacy of the various individuals who may be identified. This Court agrees it would be preferable for PLAINTIFFS to request the information from the ISP *prior* to filing this request in an effort to secure the information without resort to the courts. Therefore, this Court **GRANTS** PLAINTIFFS' Application for Leave to Take Immediate Discovery (Dkt. No. 2), **WITH MODIFICATIONS**. As the application was brought ex parte, both the ISP and the individuals who may be implicated should have an opportunity to move to quash or modify the subpoena. An order consistent with this opinion has been contemporaneously filed with this opinion.


Date:   September 27, 2007                             /s/ Paul L. Maloney

                                                      Paul L. Maloney
                                                      United States District Judge