UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAFACE RECORDS, LLC, a Delaware limited
liability company; ATLANTIC RECORDING
CORPORATION, a Delaware corporation;
BMG MUSIC, a New York general partnership;
CAPITOL RECORDS, INC., a Delaware
corporation; ELEKTRA ENTERTAINMENT
GROUP, INC., a Delaware corporation;
INTERSCOPE RECORDS, a California general
partnership; MAVERICK RECORDING
COMPANY, a California joint venture;
PRIORITY RECORDS, LLC, a California
limited liability company; SONY BMG
MUSIC ENTERTAINMENT, a Delaware
general partnership; UMG RECORDINGS,
INC., a Delaware corporation; and WARNER
BROS. RECORDS, INC., a Delaware
corporation,
    Plaintiffs,

                        Case No. 2:07-cv-187

-v-

                        HONORABLE PAUL L. MALONEY

DOES 1 - 5,
    Defendants.

OPINION AND ORDER DENYING DEFENDANT DOE #4'S MOTION TO DISMISS
COMPLAINT, VACATE DISCOVERY ORDER AND QUASH SUBPOENA ISSUED TO
NON-PARTY NMU

    This Court has before it Doe #4's Motion to Dismiss Complaint, Vacate Discovery Order and Quash Subpoena Issued to Non-Party NMU (Dkt. No. 16).

    Plaintiffs, various members of the music recording industry, filed a complaint against five unknown individuals for infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* With the complaint, Plaintiffs filed an application for leave to take immediate discovery under Federal Rules of Civil Procedure 26 and 45. On September 27, 2007, this Court granted Plaintiffs' application and issued an order, under Rule 45, allowing Plaintiffs to subpoena

information from Northern Michigan University (NMU) in order to identify Defendants. The order required NMU to notify the individuals of the subpoena and allowed those individuals to file a motion to quash the subpoena before the return date of the subpoena, November 7, 2007.

Two of the five Does have sought to quash the subpoena.[1] Doe #4 filed the motion now before this Court on November 15, 2007.[2] Having read the briefs, this Court finds oral argument unnecessary to resolve the questions of law presented.

I. BACKGROUND

A. Complaint. Plaintiffs allege Defendant Does used peer-to-peer (P2P) on-line file sharing systems to distribute or download Plaintiffs' copyrighted music. Plaintiffs allege each Doe has, through these P2P websites, downloaded (copied) and distributed (uploaded) copyrighted audio files. Because Defendants do not identify themselves on-line, Plaintiffs' agents download music from the files made available by Defendants in order to capture the internet protocol (IP) addresses for the computer where the files are located. IP addresses are unique to specific computers and are assigned to a computer by the internet service provider (ISP). Plaintiffs use the IP addresses to identify the ISP. Plaintiffs then filed suit against the unknown Defendants and requested a subpoena which would force the ISP, in this case Northern Michigan University, to identify the computer to which the IP address was assigned. By identifying the personal computer used to make the copyrighted audio files available, Plaintiffs can learn the name of the person who owns the computer

---

[1] The other three Does have since been dismissed from the action voluntarily, without prejudice.

[2] On November 2, 2007, Doe #4 filed a motion requesting additional time to file a motion to quash the subpoena and to have the subpoenaed information filed under seal to this Court. The motion was granted.

or has been assigned the computer.

B. Subpoena. In the September 9, 2007 opinion and order granting Plaintiffs' request for expedited discovery, this Court found Plaintiffs had established good cause to conduct discovery prior to a Rule 26 hearing and authorized a subpoena under Rule 45. This Court found Plaintiffs established good cause because they had (1) alleged a prima facia case of copyright infringement, (2) alleged that the ISP typically retains activity logs for only a limited period of time, (3) made a narrowly tailored request for information and (4) demonstrated the information was necessary to advance the litigation. Doe #4 now seeks to quash the subpoena and dismiss the action.

II. ANALYSIS

Although the federal courts generally dislike suits filed against an unknown defendant, court have permitted such suits where the identity of the defendant could be ascertained through limited discovery. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (approving of the naming of a Doe defendant unless it was clear that discovery would not reveal the defendant's identity or if the case would be dismissed on other grounds); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (holding dismissal was improper when the Doe defendant was capable of being identified); *Schiff v. Kennedy,* 691 F.2d 196, 197-198 (4th Cir. 1982) (holding the district court erred by dismissing the case because the Doe defendant was a real person who could be identified through discovery); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (holding the use of fictitious names for defendants has become routine and that the complaint should not have been dismissed because the court could have ordered the identities of the unknown parties be provided or allowed plaintiff the opportunity for discovery). The Sixth Circuit Court of Appeals has not addressed this issue in any published opinion, but did reach the same conclusion in an unpublished case. *Yates v. Young*,

84-5586 and 85-5701, 1985 WL 13614 (6th Cir. 1985) (unpublished table opinion) ("Although the designation of a 'John Doe" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery.").

Doe #4's motion requests this Court (1) dismiss the case for failure to serve advance notice of copyright infringement, (2) vacate expedited discovery order for the same reason and because the claim for infringement is improperly filed, and (3) quash the subpoena because it seeks protected information. Defendant does not specifically address the reasons contained in Rule 45 which authorizes a court to quash or modify a subpoena.[3] Defendant does not analyze the complaint under any of the provisions of Rule 12(b). Nevertheless, this Court will endeavor to determine if any of the arguments contained in Defendant's motion offers a valid reason to quash the subpoena or dismiss the complaint.

A. Motion to Quash

Rule 45 authorizes a court to quash or modify a subpoena if the subpoena (1) does not allow a reasonable time for compliance, (2) requires a person who is not a party to the action to travel more than 100 miles, (3) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (4) subjects a person to undue burden. FED. R. CIV. P. 45(c)(3)(A)(i-iv).

Doe #4 offers three arguments in support of his/her motion. First, Doe #4 argues the order should be set aside and the complaint dismissed because Plaintiffs failed to provide advance notice of copyright infringement under 37 C.F.R. § 201.22. This argument does not fall within any of the

---

[3]This Court unaware of any other authority which authorizes vacating the discovery order (as opposed to quashing the subpoena).

four reasons for a court to quash a subpoena under Rule 45.

Second, Doe #4 argues the order granting the Rule 45 subpoena should be set aside because Plaintiffs misrepresented the authority for granting the subpoena. Doe #4 advances two sub-arguments here. Doe #4 argues the Digital Millennium Copyright Act (DMCA) provides the sole authority available to Plaintiffs for requesting a subpoena. Doe #4 then argues the information sought through the subpoena is protected by the Family Educational Rights & Privacy Act (FERPA).

This Court authorized the subpoena under Federal Rules of Civil Procedure 45 after finding good cause under Rule 26. This Court did not issue the subpoena under either the DMCA or the Cable Communications Policy Act (CCPA) Furthermore, Plaintiffs did not mislead this Court into relying on the wrong authority. This Court was aware the various opinions cited by Doe #4 on this issue, and even cited them in the order granting Plaintiffs' motion. The limited authority to issue subpoenas under the CCPA and the DMCA is not a reason to quash the subpoena issued in this case under Rule 45. Doe #4 cites no authority supporting the argument that the statutory subpoenas somehow limit the authority provided under Rule 45.

Doe #4 argues the subpoena should be quashed for privacy concerns. This argument falls squarely within one of the reasons a court may quash or modify a subpoena. *See* FED. R. CIV. P. 45(c)(3)(A)(iii). The authority cited in the brief is confusing.[4] FERPA, 20 U.S.C. § 1232g, restricts

---

[4]Doe #4 cites "The Family Educational Rights & Privacy Act of 1974 ("FERPA"), 20 U.S.C. § 1232h (Protection of pupil rights)." *See* Brief in Support at 10. FERPA is located at 20 § U.S.C. 1232g and the Protection of Pupil Rights (PPRA) is located at 20 § 1232h. Both are part of the Education Amendments of 1974 to the Elementary and Secondary Education Act of 1965. Doe #4 states "[u]nder FERPA, personal information means individually identifiable information including a student or parents first and last name, a home or other physical address (including street name and the name of the city or town[)][,]a telephone number, or social security number. 20 U.S.C. § 1232h(c)(6) (2007)." Brief in Support at 11. As explained above, FERPA is located at section 1232g, not section 1232h. The definitions contained in the PPRA

federal funds to institutions that release educational records, including personal information. *See* 20 U.S.C. § 1232g(b)(1). FERPA includes a provision allowing those institutions to release such information in response to a court ordered subpoena. *See* 20 U.S.C. § 1232g(b)(2)(B); *Victory Outreach Center v. City of Philadelphia*, 233 F.R.D. 419, 420 n.1 (E.D. Pa. 2005). The Protection of Pupil Rights (PPRA), 20 U.S.C. § 1232h, deals with surveys and evaluations administered to students. *See* 20 U.S.C. § 1232h(a) and (b). PPRA requires local authorities to develop policies to protect student privacy. 20 U.S.C. § 1232h(c). The PPRA restricts the release of "personal information," as that phrase is defined in 20 U.S.C. § 1323h(c)(6)(E), when the personal information is collected from students for the purpose of marketing or selling the information. *See* 20 U.S.C. § 1232h(c)(1)(E) and (F)(i), (c)(2)(C)(i), and (c)(4)(A). The PPRA does not implicate the release of Doe #4's personal information. The subpoena provision in FERPA overrides the privacy concerns that statute protects.

Doe #4 argues the response to the subpoena will reveal each Doe's student records to the other Does in the action. That concern is not significant enough to merit quashing the subpoena. The order granting the Rule 45 subpoena limits the information Plaintiffs may seek. Plaintiffs may request from NMU only the name, address, telephone number, email address and media access control address for each unknown Defendant.

Third, Doe #4 argues Plaintiffs have failed to establish a prima facia claim for copyright infringement. Doe #4 asserts a prima facia claim for copyright infringement consists of two

---

apply only to the PPRA. *See* 20 U.S.C. § 1232h(c)(6) ("Definitions. As used in this subsection . . .").

elements: (1) that a copyright subsists in the allegedly infringed material and (2) that the alleged infringer violated at least one of the six exclusive rights granted to copyright owners under 17 U.S.C. § 106. Doe #4 argues Plaintiffs have failed to allege the second element. This argument does not fall under any of the four reasons for a court to quash a subpoena under Rule 45.

Doe #4 has not persuaded this Court that the subpoena issued under Rule 45 should be quashed, vacated or modified. Only the privacy argument falls within one of the four reasons to quash a subpoena provided under FED. R. CIV. P. 45(c)(3)(A). The limited information allowed under the subpoena minimizes the risk that unnecessary private information would become public as a result of the order. FERPA specifically provides an exception for educational institutions to release otherwise protected information in response to a court order. *See* 20 U.S.C. § 1232g(b)(2)(B).

B. Motion to Dismiss

The United States Supreme Court recently held, in order to survive a 12(b)(6) motion, a complaint need only provide sufficient factual allegations to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-1965 (2007). The Court cautioned that a complaint must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. In the specific matter before it, the Court characterized the requirement as stating "enough fact to raise a reasonable expectation that discovery will reveal evidence of an illegal agreement." *Id.* at 1965. The Court finally noted that the complaint "may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a district court must construe the complaint in the light most favorable to the plaintiff, accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Evans-Marshall v. Bd.of Educ. of Tripp City Exempted Vill. Sch. Dist.,* 428 F.3d 223, 228 (6th Cir. 2005). However, a court does not accept as true unwarranted factual inferences or legal conclusions alleged in the complaint. *Directv, Inc*, 487 F.3d at 476. A challenge to the factual basis of the complaint is more properly addressed under the summary judgment rule. *Evans-Marshall*, 428 F.3d at 228. The defendant has the burden of establishing that the plaintiff has failed to state a claim upon which relief may be granted. *Directv, Inc*, 487 F.3d at 476. When considering whether to grant a 12(b)(6) motion, the court primarily considers the allegations in the complaint, but may also take into account items appearing in the record of the case and attached exhibits. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

First, Doe #4 argues the order should be set aside and the complaint dismissed because Plaintiffs failed to provide advance notice of copyright infringement under 37 C.F.R. § 201.22. Plaintiffs respond by stating that it is not proper to consider the sufficiency of a complaint in a motion to quash and, even if it is proper, the complaint does state a prima facia showing a copyright infringement. Whether the complaint states a prima facia case will be addressed below. Plaintiffs are surprisingly silent with regard to the specific application of Regulation 201.22 to their claim.

Section 411 is a jurisdictional requirement for maintaining an infringement action and prohibits, subject to limited exceptions, any action for infringement of a work until preregistration

or registration of a copyright claim has been made. 17 U.S.C. § 411(a); Subsection (b) is an exception to the general rule established in subsection (a). Because of the problems associated with preregistration or registration of live broadcasts, subsection (b) authorizes infringement suits, both before and after the live broadcast, subject to advance notice of the intent to copyright the material. 17 U.S.C. § 411(b) (". . . enables a copyright owner to institute an action . . . either before or after the first fixation of a work . . that is first fixed simultaneously with its transmission, . . . , provided registration of the work is made within three months after its first transmission"). *See National Football League v. Randor, Inc.,* 840 F.Supp. 1160 (N.D. Ohio 1993); *Georgia Television Co. v. TV News Clips of Atlanta, Inc.*, 718 F.Supp. 939. 951-952 (N.D. Ga. 1989). *See also* H.R. Rep. No. 94-1476, at 158 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5774. ("Section 411(b) is intended to deal with the special situation presented by works that are being transmitted 'live' at the same time they are being fixed in tangible form for the first time.").[5] Regulation 201.22 identifies the form and content of the advanced notice of copyright infringement required by 17 U.S.C. § 411(b). 37 C.F.R. § 201.22.

The complaint alleges Plaintiffs own copyrights for each of the recordings made available downloaded and/or distributed by Defendants. (Complaint ¶ 18). Plaintiffs' complaint does not allege infringement of a live broadcast. Accordingly, the lack of notice under 37 C.F.R. § 201.22 is not a reason to dismiss the complaint.

Second, Doe #4 argues the order granting the Rule 45 subpoena should be set aside because Plaintiffs misrepresented the authority for granting the subpoena. This argument is not a reason to

---

[5]This portion of the House Report from the Judiciary Committee is provided in the Historical and Statutory Notes to the statute in the United States Code Annotated. 17 U.S.C.A. § 411 (West 2005) at 768.

dismiss the complaint. To the extent that Doe #4 also argues there are problems with the allegations in the complaint, those problems are addressed below.

Third, Doe #4 argues Plaintiffs have failed to establish a prima facia claim for copyright infringement. Copyright owners have the exclusive right to reproduce a copyrighted work and to distribute those copies to the public. 17 U.S.C. § 106(1) and (3). To make a prima facia claim for copyright infringement, a plaintiff must allege (1) ownership of a valid copyright and (2) unauthorized reproduction or distribution of the copyrighted work. 17 U.S.C. 501(a) (defining an infringer as one who, among other things, "violates any of the exclusive rights of the copyright owner as provided by sections 106 through 112"). *See Feist Publications, Inc. v. Rural Telephone Service Co, Inc.*, 499 U.S. 340, 361 (1991) (holding that a plaintiff, for an infringement claim, must establish (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original). *See also S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1085 n. 3 (9th Cir. 1989) (noting that the term "copying" is frequently used to describe the infringement of any of a copyright holder's five exclusive rights provided in 17 U.S.C. § 106).

Doe #4 argues Plaintiffs have not alleged and cannot prove that anyone actually copied the music files from any of the Does' computers, with the exception of Plaintiffs' agent. Doe #4 concludes the complaint does not allege any "distribution" of a copyrighted music file. In response, Plaintiffs assert the complaint states prima facia case for infringement of their right to "copy" and "distribute" the material. Specifically, Plaintiffs point to paragraphs 20 and 22 of the complaint. Plaintiffs allege Defendant has used and continues to use

> an online media distribution system to download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies on a Defendant-by-Defendant basis (one Defendant per page) the IP address with the date and time of capture and a list of copyrighted recordings that each Defendant has, without permission or consent of

Plaintiffs, *downloaded* and/or *distributed* to the public.

(emphasis added) (Complaint ¶ 20). The exhibit connected with Doe #4 lists 9 songs that were allegedly made available for copying at 19:32:32 EST on January 29, 2007. The exhibit alleges Doe #4 had a total of 445 audio files on his or her computer and made available to others through the P2P system.

The complaint alleges enough facts to raise a reasonable expectation that discovery will reveal evidence of copyright infringement. Construing the complaint and the exhibit in a light most favorable to the plaintiff, the allegations state a prima facia case for copyright infringement. The complaint alleges Plaintiffs hold copyrights to the nine music files linked to Doe #4. *See* Complaint ¶ 20 and Exhibit A. Exhibit A identifies the name of the song, the artist, and which of the Plaintiffs holds the copyright. The complaint alleges a violation of two of Plaintiffs' rights, copying and distributing. The complaint alleges Doe #4 illegally copied (downloaded) the audio files that are located on her computer. The complaint also alleged Doe #4 illegally distributed (uploaded), or at least made available to others, the audio files on her computer.

Doe #4 filed an additional exhibit which should be mentioned (Dkt. No. 25). On January 31, 2008, Doe #4 filed an amicus brief prepared by the Electronic Frontier Foundation (EFF) for a case pending in the District of Arizona, *Atlantic Recording Corp. v. Howell*, No. 06-2076 (D.C. Az. 2006).[6] Both Doe #4's motion to dismiss and the amicus brief prepared by the EFF address only the distribution claim and not the copying claim. Furthermore, the EFF brief addressed a motion for summary judgment. The EFF (Dkt. No. 25 at 11) and Doe #4 (Dkt. No. 17 at 17) contend infringement of the right to distribute can only occur if there is an actual dissemination of the copyrighted work. Assuming, only for the sake of argument, that

---

[6] The motion for which the brief was prepared is scheduled for oral argument in early March 2008. Plaintiffs have not filed the response to the amicus brief submitted by the recording industry in that case.

interpretation of the statute with regard to distribution is correct, the issue would still require a resolution of disputed facts. Plaintiffs have *alleged* acts of actual distribution. Discovery would lead to information either supporting or undermining that allegation. The issue therefore would be better addressed in a motion for summary judgment rather than a motion to dismiss.

III. CONCLUSION

Defendant Doe #4's motion to dismiss, to vacate and to quash (Dkt. No. 16) is **DENIED.** Doe #4 failed to establish the subpoena should be quashed for any reason provided under Rule 45. Doe #4 has not established the complaint should be dismissed for failure to state a prima facia case. The specific allegations in the complaint and, by reference, Exhibit A, establish a prima facia case of copyright infringement. Under the standard recently established by the United States Supreme Court, the complaint alleges sufficient facts to raise the right to relief above the speculative level.

ORDER

Defendant Doe #4's Motion to Dismiss Complaint, Vacate Discovery Order and Quash Subpoena Issued to Non-Party NMU (Dkt. No. 16) is **DENIED.** The information filed under seal with this Court by non-party Northern Michigan University shall be unsealed and forwarded to Plaintiffs on Tuesday, March 4, 2008. **IT IS SO ORDERED.**

Date:   February 22, 2008                                           /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge